UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                Criminal No. 11-131(2) SRN/AJB

               Plaintiff,

v.                                       **REPORT AND RECOMMENDATION**

Esteban Penazola Martinez,

               Defendant.

      Julie Allyn, Esq., and Thomas Hollenhorst, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

      Andrea George, Esq., Assistant Federal Defender, for defendant Esteban Penazola Martinez.

        This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on August 22, 2011, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.  Testimony was presented and exhibits were received at the hearing with regard to suppression of statements and search and seizure evidence.

        Based upon the file and documents contained therein, along with the testimony and exhibits presented at hearing, the magistrate judge makes the following:

**FINDINGS**

        **Vehicle Warrant.**  On January 27, 2011, Hennepin County District Court Judge Thomas Wexler issued a warrant to search a particularly described 2003 Pontiac automobile and the person of Esteban Penazola Martinez, located in Hennepin County, Minnesota. (Hrg. Ex. 1). The search warrant identified the objects of the warrant as drugs, including methamphetamine; drug paraphernalia; money and property obtained from drug sales; packaging materials; goods bartered for drugs; items showing constructive possession of drugs; guns and weapons; and

communications devices. The warrant was issued on the basis of probable cause contained in the Affidavit of Minneapolis Police Officer James Lynch, including information reported by a confidential reliable informant and evidence obtained through a controlled drug purchase. The warrant was executed by Officer Lynch at approximately 7:30 p.m. on January 27, 2011. Methamphetamine, handguns, and other items were seized, and the defendant was arrested.

**Residence Search Warrant.** On May 2, 2011, Dakota County District Court Judge Patrice Sutherland issued a warrant authorizing a search of a particularly described apartment premises in Burnsville, MN, to include garages, storage areas, and lockers assigned to the apartment (Hrg. Ex. 2). The apartment is identified as the residence of defendant Esteban Penazola Martinez. The search warrant identified the objects of the warrant as drugs, including methamphetamine; drug packaging equipment and supplies; documents and ledgers; computers and peripherals; electronic devices; videos and media showing addresses and phone numbers; money; firearms; and items showing constructive possession of seized evidence. The warrant was issued on the basis of probable cause contained in the Affidavit of Hennepin County Sheriff's Deputy Michael Jerde, including information obtained by surveillance and evidence obtained as the result of drug purchases made while the affiant was working in an undercover capacity. The warrant was executed at approximately 1:40 p.m. A canine officer participated in the search, and the dog alerted to drugs in a safe that was in the apartment. The safe was forcibly opened and drugs were found inside. Drugs and other items were seized pursuant to the warrant.

**Statements.** Minneapolis Police Officer James Lynch conducted an interview with defendant Esteban Penazola Martinez in a Third Precinct holding cell after the defendant's arrest on January 27, 2011. The interview was tape recorded and transcribed (Hrg. Ex. 3 and 4).

Only Officer Lynch and defendant Martinez were present, and the defendant was seated in the cell.  After the officer first obtained identification and biographical information from the defendant, he was given his Miranda rights, including the right to remain silent and the right to have an attorney appointed and present during questioning.  The defendant did not appear to be under the influence of drugs or alcohol.  He spoke in English and understood the questions as posed to him in English.  His answers were appropriate and responsive to the questions.  No promises, threats, or coercion were used to induce the defendant's cooperation.  Mr. Martinez made no request that questioning cease, and he made no request for the assistance of an attorney.  The interview lasted approximately 17 minutes.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**CONCLUSIONS**

**Vehicle Warrant.**  Evidence seized pursuant to a warrant to search the defendant's automobile and person (Hrg. Ex. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Esteban Penazola Martinez.  The search warrant was issued on January 17, 2011, and was based upon sufficient probable cause as stated in the Affidavit of Minneapolis Police Officer James Lynch and as determined by Hennepin County District Court Judge Thomas Wexler.  The warrant properly and sufficiently identified the location of the search and the items to be seized, and the warrant adequately stated a nexus between the objects of the search and the place to be searched.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Residence Search Warrant.**  Evidence seized pursuant to a warrant to search the defendant's Burnsville, MN residence (Hrg. Ex. 2), was not unlawfully obtained in violation of

the constitutional rights of defendant Esteban Penazola Martinez.  The search warrant was issued on May 2, 2011, and was executed on May 3, 2011.  The warrant was based upon sufficient probable cause as stated in the Affidavit of Hennepin County Sheriff's Deputy Michael Jerde and as determined by Dakota County District Court Judge Patrice Sutherland.  The warrant properly and sufficiently identified the location of the search and the items to be seized, and the warrant adequately stated a nexus between the objects of the search and the place to be searched.  Specifically, officers lawfully opened a safe that was located in the apartment[1] and upon which a police canine officer alerted to the presence of drugs.  United States v. Wright, 704 F.2d 420, 422 (8th Cir. 1983) (citing United States v. Ross, 456 U.S. 798, 821 (1982)); United States v. Carmi, 2009 WL 1372968 (8th Cir., May 14, 2009).   The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Statements.**  Defendant Esteban Penazola Martinez's recorded custodial statements, pursuant to interview and questioning by Minneapolis Police Officer James Lynch while the defendant was detained in a holding cell following his arrest on January 27, 2011 (Hrg. Ex. 3 and 4), were provided voluntarily and were not obtained in violation of the defendant's constitutional rights.  Defendant was properly advised and was able to understand and comprehend his rights pursuant to Miranda as accurately presented to him.  He was not subjected to force, threats, or promises in exchange for his statements, and he effectively waived his right to remain silent and his right to the assistance of counsel.  Upon considering the totality of

---

[1] Defendant's counsel advised that court by letter filed September 8, 2011, that the search of the safe as exceeding the scope of the warrant was not being challenged, though the warrant itself was being challenged on four corners review.

circumstances, the Court is persuaded that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1.  Defendant Esteban Penazola Martinez's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 57]; and

2.  Defendant Esteban Penazola Martinez's Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 58].

Dated:     September 12, 2011

                                                     s/Arthur J. Boylan
                                                     Arthur J. Boylan
                                                     United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 26, 2011.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.