# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES of America,<br><br>Plaintiff,<br><br>v.<br><br>Esteban Penazola Martinez,<br><br>Defendant. | Criminal No. 11-131(2) (SRN/AJB)<br><br><br>**ORDER** |

B. Todd Jones and Thomas M. Hollenhorst, United States Attorney and Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, counsel for Plaintiff

Esteban Penazola Martinez, pro se, #15821-041, United States Penitentiary—Terre Haute, 4700 Bureau Road South, Terre Haute, Indiana, Defendant

SUSAN RICHARD NELSON, United States District Judge.

## I.   INTRODUCTION

This matter is before the Court on Defendant Esteban Penazola Martinez's ("Defendant") Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. §2255 [Doc. No. 181]. The United States of America (the "Government") opposes the Defendant's motion. For the reasons set forth below, the Court denies Defendant's motion.

## II.   BACKGROUND

On April 12, 2011, a grand jury in the District of Minnesota indicted Defendant, charging him with conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count 1)

[Doc. No. 1]. Defendant was also charged with four related drug trafficking counts. (Id.) Pursuant to the terms of a written plea agreement ("Plea Agreement"), Defendant entered a plea of guilty to Count 1 of the Indictment on October 25, 2011. (Plea Agreement ¶ 1 [Doc. No. 104].) On February 29, 2012, this Court sentenced Defendant to 235 months' imprisonment, a two-year period of supervised release, and a $100 special assessment. (Judgment at 1-3 [Doc. No. 154].) Counts 8 through 11 of the Indictment were dismissed. (Id.) On March 5, 2012, Defendant filed a Notice of Appeal with the Eighth Circuit Court of Appeals [Doc No. 155]. On June 21, 2012, the Eighth Circuit summarily affirmed the judgment of this Court [Doc. No. 177].

Defendant seeks to vacate his sentence on the grounds that Defendant was denied effective assistance of counsel. Defendant contends that his counsel was ineffective for failing to: 1) conduct any meaningful pre-trial investigation into the facts and circumstances surrounding his arrest and indictment; 2) challenge the search warrants and warrantless searches in which evidence was acquired to indict him; 3) object to the firearm enhancement; 4) challenge Defendant's criminal history category; and 5) seek a lower sentence in connection with Defendant's assistance to authorities.

### III. DISCUSSION

#### A. Standard of Review

Section 2255 provides prisoners in federal custody with the limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of the sentence imposed by the court. United States v. Stolz, 325 F.Supp 2d. 982 (D. Minn. 2004). A § 2255 motion can be dismissed without a hearing if: 1) Defendant's allegations, if accepted

2

as true, would not entitle him to relief; or 2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of facts. Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998).

### B. Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. CONST. amend. VI. In order to prevail on a § 2255 motion, a petitioner must show that his challenge raises a "fundamental defect which results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). When a petitioner alleges ineffective assistance of counsel under § 2255, he must overcome a "heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). First, a petitioner must "show that counsel's performance was deficient." Strickland v. Washington, 466 U.S. 668, 687 (1984). A deficient performance is one that falls "below an objective standard of reasonableness," taking into account a strong presumption of counsel's "reasonable professional assistance." Id. at 690. Second, a defendant must demonstrate that counsel's deficient performance prejudiced the defense. Id. at 694.

In order to establish ineffective assistance of counsel on any of the five grounds Defendant sets forth, he must prove with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. For the reasons set forth below, the Court concludes that Defendant has failed to meet the burden necessary to demonstrate that his counsel provided ineffective assistance.

3

### 1. Failure to Conduct Meaningful Pre-Trial Investigation

Defendant first claims his counsel was ineffective because she did not conduct a meaningful pre-trial investigation into the facts and circumstances of his arrest and indictment. Defendant fails to provide any specific facts in support of this allegation. The record shows that defense counsel requested and received all discovery materials in this case. (See Def.'s Motions [Doc. Nos. 49-55, 86].) At the change of plea hearing, Defendant indicated that he had had the opportunity to discuss the charges brought against him with his counsel, that he had told his counsel everything he wanted her to know about the case, and that he was satisfied with her services. (Plea Transcript at 7; See Plea Hearing [Doc. No. 103].) Defendant's claim that his attorney failed to conduct any meaningful pre-trial investigation is facially inadequate.

### 2. Failure to Challenge Search Warrants and Warrantless Searches

Defendant next alleges that his counsel was ineffective for failing to challenge the search warrants and warrantless searches that resulted in evidence later used to charge him. The record shows that defense counsel filed three suppression motions, including a motion to suppress evidence obtained as a result of search and seizure. (See Def.'s Motions [Doc. Nos. 56-58].) Two of these motions were litigated at a motions hearing on August 22, 2011 and denied by this Court. (See Motion Hearing [Doc. No. 87]; Order Adopting Report and Recommendation [Doc. No. 92].) Defendant's claim that "trial counsel made no attempt to challenge the search warrants or warrantless searches," is contradicted by the record. (Def.'s Motion [Doc. No. 181].)

### 3.  Failure to Object to Firearm Enhancement

Defendant next argues his counsel was ineffective for failing to object to the firearm enhancement.  Under the United States Sentencing Guidelines, two offense levels are added if a firearm was possessed during a drug trafficking offense.  (USSG § 2D1.1(b).)  These levels are applied if a weapon is present, unless it is clearly improbable that the weapon was connected with the offense.  (USSG § 2D1.1, comment (n.3(A).)

In order for the § 2D1.1(b) enhancement to apply, "the Government need not show that a defendant either used or touched a weapon to prove a connection between the weapon and the offense."  United States v. Savage, 414 F.3d 964, 967 (8th Cir. 2005).  The firearm must be present during "relevant conduct," Id. at 966, and the government must establish by a preponderance of the evidence that a "temporal and spatial nexus [exists] among the weapon, the defendant, and drug-trafficking activity."  United States v. Torres, 409 F.3d 1000, 1003 (8th Cir. 2005).  Defendant contends that the firearm enhancement was inappropriate because 1) there was no nexus between the seized firearm and the drug offenses, and 2) no witness testified that Defendant carried a firearm in a drug deal.  (Def.'s Motion [Doc. No. 181].)  Defendant's arguments fail because he admitted to possessing a handgun, a semiautomatic handgun, and 434 grams of methamphetamine (351.5 grams actual) in a vehicle on January 27, 2011.  (Plea Agreement ¶ 2 [Doc. No. 104].)  Defendant also admitted that the gun possession took place during the period of the alleged conspiracy.  (Id.)  Defendant's own admission demonstrates a temporal and spatial nexus between "the weapon, the defendant, and the drug-trafficking activity," Torres, and belies his claim that his counsel erred by not objecting to the firearm enhancement.

### 4. Failure to Challenge Criminal History Category

Defendant next claims that his counsel was ineffective for failing to challenge his criminal history category. Defendant asserts that while the Pre-Sentence Report (PSR) assigned him to a criminal history category of VI, his prior convictions did not qualify him for a criminal history category of VI. (Def.'s Motion [Doc. No. 181].)

At the time of the PSR, Defendant had 16 adult convictions, resulting in a total of 16 points in his criminal history computation. (PSR ¶ 38-54.) He received two additional points pursuant to §4A1.1(d) because he was on probation at the time of his offense. (PSR ¶ 55.) In total, Defendant received 18 criminal history points. (PSR ¶ 56.) Under the Sentencing Guidelines, 13 or more criminal history points establish a category of VI. Id. Defendant does not provide any facts supporting his assertion that his prior convictions did not qualify him for a criminal history category of VI. Defendant's claim is therefore facially inadequate.

### 5. Failure to Seek a Lower Sentence in Connection with Assistance to Authorities

Defendant's final argument is that his counsel provided ineffective assistance because she failed to seek a lower sentence for Defendant in connection with his assistance to law enforcement authorities. (Def.'s Motion [Doc. No. 181].) Defendant's counsel requested a sentence of 140 months at sentencing, significantly less than the recommended range of 292 to 325 months set by the Sentencing Guidelines. (Def.'s Sentencing Position [Doc. No. 152].) Counsel sought this downward variance based on Defendant's family history, history of addiction, and other factors. (Id.)

Under § 5K1.1 of the Sentencing Guidelines, only the Government may bring a motion for a departure on the grounds that the defendant provided substantial assistance to authorities. (USSG § 5K1.1) The court then has ultimate discretion in deciding whether to grant the motion and depart from the sentence. (Id.) Defense counsel had no legal means of seeking a lower sentence on the basis of Defendant's alleged assistance; that power resided in the Government alone. Defendant's Plea Agreement did not include a discussion of his alleged assistance to authorities or the Government's intention to make a § 5K1.1 motion. (Plea Agreement [Doc. No. 104].) Defendant's claim that his counsel was ineffective for failing to seek a lower sentence on the basis of his assistance to authorities is therefore facially inadequate.

### C. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(b)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

Such a showing requires the defendant to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a nonfrivolous issue. Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.1994), *cert. denied*, 513 U.S. 946, 115 S.Ct. 355, 130 L.Ed.2d 309 (1994). Instead, the prisoner must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts

"could resolve the issues differently," or that the issues otherwise "deserve further proceedings." (Id.); see also Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991).

It is unlikely that another court would decide Defendant's claims any differently than they have been decided here. Defendant has not identified and the Court cannot discern anything novel or noteworthy about this case that warrants appellate review.

## V. CONCLUSION

Based upon the submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## VI. ORDER

1. Defendant Esteban Penazola Martinez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence [Doc. No. 181] is **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 18, 2012          s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge