# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Esteban Penazola Martinez,<br><br>Defendant. | Criminal No. 11-131(2) (SRN/AJB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

B. Todd Jones and Thomas M. Hollenhorst, United States Attorney and Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, counsel for Plaintiff.

Esteban Penazola Martinez, pro se, #15821-041, United States Penitentiary—Terre Haute, 4700 Bureau Road South, Terre Haute, Indiana, Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the undersigned United States District Court Judge on Defendant Esteban Penazola Martinez's ("Defendant") Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Motion to Reconsider") [Doc. No. 186]. For the reasons set forth below, the Court denies Defendant's motion.

## II.   BACKGROUND

On October 25, 2011, pursuant to the terms of a written plea agreement, Defendant pled guilty to conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Plea

Agreement ¶ 1 [Doc. No. 104].) This Court sentenced Defendant on February 29, 2012 [Doc. No. 154]. Thereafter, Defendant filed a Notice of Appeal with the Eighth Circuit Court of Appeals [Doc. No. 155], and the Eighth Circuit summarily affirmed the judgment on June 21, 2012 [Doc. No. 177].

On August 23, 2012, Defendant filed a Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") [Doc. No. 181]. In his motion, Defendant argued that he was denied effective assistance of counsel because his counsel, among other things, failed to conduct any meaningful pre-trial investigation into the facts surrounding his arrest and indictment, and failed to challenge the search warrants and warrantless searches in which evidence was acquired to indict him. The United States of America (the "Government") opposed the motion [Doc. No. 183]. After considering each of Defendant's arguments, this Court denied the Motion to Vacate on October 18, 2012. (See Order dated Oct. 18, 2012 ("Oct. 18 Order") at 3–8 [Doc. No. 184].) Defendant filed his Motion to Reconsider [Doc. No. 186] and two affidavits [Doc Nos. 187, 188] on November 16, 2012.

### III. DISCUSSION

Defendant seeks reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of the Court's October 18 Order denying his Motion to Vacate. (See Mot. to Reconsider at 1 [Doc. No. 186].) Rule 59(e) "provides a means 'to support reconsideration . . . of matters properly encompassed in a decision on the merits.'" Ray E. Friedman & Co. v. Jenkins, 824 F.2d 657, 660 (8th Cir. 1987) (quoting White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 451 (1982)). Therefore, a motion made pursuant to Rule 59(e) to alter or amend a

judgment "serve[s] a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. . . . Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs., 141 F.3d 1284, 1286 (8th Cir. 1998) (citation and internal quotations omitted).  Nor should Rule 59(e) motions be used to re-litigate old issues.  Karriem v. United States, No. Cr. 00-213(1) JRT/FLN, Civ. 02-682 JRT, 2003 WL 22076585, at *1 (D. Minn. Aug. 25, 2003) (citations omitted).  Defendant states two reasons why the Court should reconsider its October 18 Order:  (1) Defendant lacked the opportunity to file a reply brief in support of his Motion to Vacate, and (2) "actual innocence."[1]  (Mot. to Reconsider at 1 [Doc. No. 186].)

### A. Reply Brief

Defendant's first stated argument for reconsideration is that he did not have the opportunity to reply to the Government's response to his Motion to Vacate.  (Id.)  Pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District

---

[1] Defendant also asserts in one of his affidavits submitted in conjunction with his Motion to Reconsider that he had difficulty understanding English at the time of his arrest and was unable to intelligently understand his attorney's conversations about the charges and motions in this case.  (Martinez Aff. ¶ 2 [Doc. No. 188].)  However, Defendant stated at his change of plea hearing that he had seen the indictment, that it had been translated into Spanish for him, and that he had an opportunity to discuss the charges with his attorney.  (Change of Plea Hr'g Tr. 11:11–19 [Doc. No. 160].)  He also stated that he was satisfied with her services.  (Id. 7:23–25.)  Moreover, an interpreter was utilized at that hearing, where the Court also reviewed the charge with Defendant, and Defendant stated that he understood the charge.  (Id. 11:20–12:25.)  Therefore, the Court finds that Defendant is not entitled to relief on that basis.

Courts, "[t]he moving party <u>may</u> submit a reply to the respondent's answer or other pleading <u>within a time fixed by the judge</u>." (Emphasis added). Thus, whether to allow the moving party to file a reply brief is within the Court's discretion. <u>United States v. McElrath</u>, Crim. No. 03-235 (JNE), Civ. No. 08-5291 (JNE), 2009 WL 1657453, at *2 (D. Minn. June 11, 2009) (citations omitted). "When a court does not request, permit, or require the additional argument that would be contained in a reply brief, § 2255 petitioners are not prejudiced by denial of an opportunity to file such a brief." <u>United States v. Crittenton</u>, Crim. Action No. 03-349-2, Civ. Action No. 07-3770, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008) (citations omitted).

Under the relevant rules, Defendant was not guaranteed the ability to file a reply brief in support of his Motion to Vacate. In addition, this Court did not fix a time for Defendant's submission of a reply brief; nor did the Court request, permit, or require, in any other manner, a reply brief from Defendant. Finally, Defendant has not described any prejudice that resulted from his lack of opportunity to file a reply brief. Therefore, he is not entitled to relief on that basis.

### B. Actual Innocence

Defendant's second stated reason for reconsideration is that he is actually innocent. (<u>See</u> Mot. to Reconsider at 1 [Doc. No. 186].) Defendant argues that: (1) his attorney did not properly analyze, or present argument regarding, the lack of evidence to link Defendant to the drugs found at a residence on Greenhaven Drive; (2) his attorney failed to challenge the search of a locked safe at that residence; (3) his attorney failed to conduct a reasonable investigation of the facts or to research the law; and (4) his attorney did not inform him of

4

his right to testify at the suppression hearing without his testimony being used against him at trial. (See id. at 4–10.) While Defendant couches these arguments under the phrase, "actual innocence," each of these arguments is really a different basis for an ineffective assistance of counsel claim.

The Court finds that none of Defendant's arguments satisfy the Rule 59(e) standard. The first three arguments were raised by Defendant in his Motion to Vacate:

> Petitioner's counsel failed to conduct any meaningful pre-trial investigation into the facts and circumstances which surrounded his arrest and indictment. Trial counsel made no attempt to challenge the Search Warrants, or the warrantless searches, where officers acquired information and evidence later used to charge petitioner. . . . [There was] a search of the residence where a female acquaintance of the petitioner resided. There existed no basis to conclude that the petitioner resided at that address, or that he stored personal items there. Although the Search Warrant, which issued to search the subject residence, failed to identify closed containers or safes as being the personal property of this petitioner, the officers proceeded to break open containers and a safe found therein. Authorities then proceeded to rely on items and substances . . . to charge the petitioner with drug crimes . . . . Incredibly, petitioner's counsel failed to challenge the foregoing searches and seizures . . . .

(Motion to Vacate at 5–6 [Doc. No. 181].) This Court addressed these arguments in the October 18 Order, finding that Defendant's counsel had requested and received all discovery materials in this case; that Defendant indicated at the change of plea hearing that he had the opportunity to discuss the charges brought against him with his counsel, had told her everything he wanted her to know, and was satisfied with her services; and that Defendant's counsel filed three suppression motions, including a motion to suppress evidence obtained as a result of the search and seizure. (Oct. 18 Order at 4 [Doc. No. 184].) This Court, therefore, concluded that the claims were contradicted by the record and did not

5

entitle Defendant to relief under § 2255. (Id.) Defendant has not asserted that he has newly discovered evidence, and he may not use a Rule 59(e) motion to re-litigate these issues.

The Court finds that Defendant's fourth argument also does not entitle him to relief under Rule 59(e). First, Rule 59(e) motions cannot be used to raise arguments that could have been raised prior to entry of judgment. Defendant had the opportunity at his change of plea hearing to state his dissatisfaction with his attorney's services. Instead, he stated that he was satisfied with her services. (Change of Plea Hr'g Tr. 7:23–25 [Doc. No. 160].) He also voluntarily gave up the right to persist in his plea of not guilty and to testify on his own behalf at trial. (Id. 8:12–25, 38:12–18.) Presumably, that testimony would include the information he asserts he would have provided at the suppression hearing, had he testified.

Second, Rule 59(e) motions provide a means of reconsidering matters already considered on the merits; they are not proper vehicles for new claims. In his fourth argument, Defendant is not asserting that the Court made a manifest error of law or fact in its decision on his § 2255 Motion to Vacate; nor is he presenting newly discovered evidence. Rather, Defendant is raising, for the first time, a new basis for his ineffective assistance of counsel claim. This argument is not properly before the Court. Rather, it must be raised in a § 2255 motion. Because it was not asserted in Defendant's initial § 2255 motion, Defendant is essentially bringing a successive § 2255 motion. See Alexander v. United States, No. 4:07CV02103 ERW, 2010 WL 840812, at *3 (E.D. Mo. Mar. 11, 2010) ("Since [the ineffective assistance of counsel claim] was not asserted in the initial [§ 2255] Motion, asserting the claim now is akin to bringing a successive § 2255 motion."). Before Defendant can bring a successive § 2255 motion, he must obtain authorization from the

appropriate court of appeals.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Without such authorization, this Court does not have jurisdiction to consider this ground for relief.  See United States v. Peng Thao, Crim. No. 06-62 (JRT/AJB), 2011 WL 1595454, at *2 (D. Minn. Apr. 27, 2011) (citing Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (reclassifying a Rule 59(e) motion as a successive § 2255 motion and stating that the court could either transfer the motion to the appellate court or dismiss it for failure to obtain authorization); Alexander, 2010 WL 840812, at *3 ("Without authorization by the appropriate appellate court, the district court does not have jurisdiction to consider a successive [§ 2255] petition.").  For these reasons, Defendant also is not entitled to relief under Rule 59(e) based on his ineffective assistance of counsel arguments.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Rule 59(e) Motion to Reconsider is **DENIED**.

Dated: August 5, 2013  s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge