UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Esteban Penaloza Martinez,<br><br>Defendant. | Case No. 11-cr-00131(2) (SRN)<br><br>**ORDER** |

Katharine Buzicky, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis MN 55415, for the United States of America.

Esteban Penaloza Martinez, Reg. No. 15821-041, USP Coleman I, P.O. Box 1033, Coleman, FL 33521, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Esteban Penaloza Martinez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Def.'s Mot.") [Doc. No. 337]. The Government opposes Mr. Penaloza Martinez's motion. (Gov't's Opp'n [Doc. No. 342].)

Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court **DENIES** the motion.

**I.   BACKGROUND**

   **A.  Underlying Conduct and Conviction**

On October 25, 2011, Mr. Penaloza Martinez pleaded guilty to conspiracy to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), and 846.  (Minute Entry [Doc. No. 103].)  On February 29, 2012, the Court sentenced him to a 235-month term of imprisonment. (Sentencing J. [Doc. No. 154].)  The Court later reduced his term of imprisonment to 189 months.  (Order Reducing Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 245].)  Mr. Penaloza Martinez is currently serving his sentence at USP Coleman I, in Coleman, Florida. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 10, 2025).  His scheduled release date is August 14, 2025.  *See id.*

### B. First Compassionate Release Motion

Mr. Penaloza Martinez previously filed a motion for compassionate release in November 2020 ("First Compassionate Release Motion") [Doc. No. 280].  At that time, he argued that his medical conditions, along with the prison environment, placed him at high risk of contracting COVID-19 and experiencing deleterious health effects. (*Id*. at 2, 7–15.)  In addition, he sought release in order to financially support his two minor children. (*Id.* at 2–3, 15.)  The Government opposed Mr. Penaloza Martinez's First Compassionate Release Motion [Doc. No. 286].  The Court denied relief, finding that Mr. Penaloza Martinez failed to meet the standard necessary for compassionate release.  (April 1, 2021 Order [Doc. No. 297] at 8–14.)  Specifically, the Court found that in the context of the COVID-19 pandemic, he did not demonstrate both a particularized susceptibility to COVID-19 and a particularized risk of contracting the virus at his prison facility. (*Id*. at 9–11) (citations omitted).  In addition, the Court found that Mr. Penaloza Martinez's desire to financially support his children and alleviate some of the caregiving undertaken by his mother and stepfather did not fall within the Sentencing Guidelines' policy statement

regarding compassionate release for the care of a minor child. (*Id*. at 11) (citing U.S.S.G. § 1B1.13).

### C. Current Compassionate Release Motion

In the instant motion, Mr. Penaloza Martinez again contends that extraordinary and compelling reasons warrant his release because the mother of his children is deceased, and as the surviving parent, he wishes to care for his children. (Def.'s Mot. at 4.) Further, he avers that only a few months remain to complete his sentence. (*Id.* at 5.)

In opposition to Mr. Penaloza Martinez's motion, the Government acknowledges that the mother of his children is deceased, but notes that she died in 2014, and the children have been living with their grandmother in Minnesota since that time. (Gov't's Opp'n at 1.) In addition, the Government contends that because Mr. Penaloza Martinez will be deported to Mexico upon his release, "he is not an available caregiver for his children in any event." (*Id*.) Finally, the Government argues that Mr. Penaloza Martinez poses a danger to the public upon release and the federal sentencing factors weigh against his release. (*Id.*)

In Mr. Penaloza Martinez's Reply, he explains why he did not seek compassionate release at the time his children's mother died in 2014. (Reply [Doc. No 343] at 1.) He asserts that her death occurred relatively early in the service of his sentence and he wanted to account for his unlawful conduct. (*Id*.) He acknowledges that his mother and stepfather have custody of his children, but states that his mother is "getting old and sick." (*Id.*) While Mr. Penaloza Martinez notes that he is not a U.S. citizen, he states that he has lived in United States since he was 9 years old. (*Id.* at 2.) He argues that his potential deportation

3

should not factor into the Court's analysis, as any deportation decision will be made by an immigration judge, and cannot be based on the representations of counsel for the Government. (*Id*. at 2–3.) Finally, in support of his position that he poses no danger to the community, Mr. Penaloza Martinez attaches Bureau of Prisons ("BOP") documents that identify his completed in-custody educational coursework, including the award of a GED. (*Id*., Exs. A–C [Doc. No. 343-1].) In addition, he attaches a BOP document indicating that he is subject to an immigration detainer. (*Id.*, Ex. C.)

## II.   DISCUSSION

### A.   Section 3582(c)(1)(A)

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Courts also consider whether the "prisoner is a danger to the safety of any other person or to the community." *United States v. Muhlenhardt*, No. 14-cr-162 (SRN/JJK), 2020 WL 4697112, at *3 (D. Minn. Aug. 13, 2020). A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United*

4

*States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).[1]

### 1. Family Circumstances

While § 3582(c)(1)(A) does not define "extraordinary and compelling reasons," Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission enumerates several "extraordinary and compelling reasons" that may justify a reduction of sentence, including "family circumstances." U.S.S.G. § 1B1.13(b)(1)–(4). Among the family circumstances that may warrant relief is "[t]he death or incapacitation of the caregiver of the defendant's minor child[.]" *Id.* § 1B1.13(b)(3)(A).

Although the Court is sympathetic to Mr. Penaloza Martinez's tragic family circumstances, he fails to demonstrate that he is entitled to relief on this basis. The children's mother died over ten years ago, (*see* Def.'s Mot., Ex. 2 (Non-Certified Record of Death [Doc. No. 337-2 at 4])), and since then, other family members—Mr. Penaloza Martinez's mother and stepfather—have served as caregivers. (Reply at 1) (stating, "I granted custody of my children[] to my mother and stepfather[.]"). While Mr. Penaloza

---

[1] The Court finds that Mr. Penaloza Martinez has exhausted his administrative remedies and his motion is properly before the Court. *See* 18 U.S.C. § 3582(c)(1)(a). Mr. Penaloza Martinez asserts that on November 13, 2024, he submitted a request for compassionate release to the warden of USP Coleman I, which the warden denied on November 17, 2024. (Def.'s Mot. at 3, *id.*, Ex. 2 [Doc. No. 337-2].) He filed the instant motion on December 13, 2024. The Government agrees that Mr. Penaloza Martinez's motion is ripe for the Court's consideration. (Gov't's Opp'n at 3.)

Martinez contends that his mother "is getting old and sick," he provides no evidence that she is currently "incapacitated," consistent with the Sentencing Guidelines' policy statement regarding compassionate release for the care of a minor child. U.S.S.G. § 1B1.13(b)(3)(A). He therefore fails to meet the burden of establishing his eligibility for compassionate release based on family circumstances.[2]

## 2. Section 3553 Sentencing Factors

The Court also gives due "consider[ation to] the factors set forth in section 3553(a)[3] to the extent that they are applicable[.]" 18 U.S.C. § 3582(a). The Court weighed these factors when it sentenced Mr. Penaloza Martinez in 2012, (*see* Sentencing Tr. [Doc. No. 164] at 16-19), and later, when it reduced his sentence in 2016 due to a retroactive changes to the Sentencing Guidelines. The Court also considered them in the context of Mr.

---

[2] Even if he were eligible for compassionate release, as the Government observes, Mr. Penaloza Martinez might be unavailable to care for his children due to his immigration status and ICE detainer. (*See* Def.'s Reply, Ex. 1 at 3.)

[3] These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Penaloza Martinez's First Compassionate Release Motion, (Apr. 1, 2021 Order at 12–14), and does so again here.

As to the nature and circumstances of the offense, Mr. Penaloza Martinez's drug-related offense was serious. He had been involved in a drug-trafficking organization since its inception, was involved in at least three drug transactions, and carried firearms during such transactions. (Sentencing Tr. at 17.) Further, the Court considered his criminal history, including his past violent criminal activity. (*Id.* at 18.) These factors suggest that Mr. Penaloza Martinez may continue to pose a danger to the safety of the community.

While Mr. Penaloza Martinez has commendably earned a GED and completed numerous courses while in prison, the Court finds that reducing his sentence would not "promote respect for the law, provide just punishment, afford adequate deterrence," or "reflect the seriousness of his offense." *United States v. Andrews*, No. 18-cr-149 (SRN), 2020 WL 4500227, at *5 (D. Minn. Aug. 5, 2020) (citing 18 U.S.C. § 3553(a)).

Taking into consideration all of the § 3553(a) factors, the Court continues to find that his sentence is just and fair under the totality of the circumstances. *See United States v. Rodd,* 966 F.3d 740, 748 (8th Cir. 2020) (finding that the district court did not abuse its discretion in denying a compassionate release motion when lower court noted its consideration of the § 3553(a) factors at sentencing); *Andrews*, 2020 WL 4500227, at *5. Accordingly, Mr. Penaloza Martinez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) is denied, for all the foregoing reasons.

## III. ORDER

Based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Esteban Penaloza Martinez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 337] is **DENIED**.

Dated: March 10, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge